FILED

NOT FOR PUBLICATION

MAY 27 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE LUIS HERNANDEZ
BOCANEGRA; NICOLASA SANTOS
DE HERNANDEZ,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-74296

Agency Nos. A095-399-705
A095-399-706

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 13, 2011
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and WATSON,[**] District Judge.

Jose Luis Hernandez Bocanegra and Nicolasa Santos de Hernandez

("Petitioners"), a married couple who are natives and citizens of Mexico, petition

for review of the Board of Immigration Appeals' ("BIA") denial of their "de facto"

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]  The Honorable Michael H. Watson, District Judge for the U.S.
District Court for Southern Ohio, Columbus, sitting by designation.

motion to reopen based on their claim of ineffective assistance of counsel.  The BIA denied the motion because Petitioners failed to comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).  Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain the decision.

We review for abuse of discretion the BIA's denial of a motion to reopen and review de novo claims of due process violations including claims of ineffective assistance of counsel.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  Jurisdiction is proper under 8 U.S.C. § 1252, and we deny the petition for review.

The BIA has established several procedural requirements for aliens seeking to reopen their removal proceedings based on a claim that they were denied due process because of the ineffective assistance of their attorney.  *See Matter of Lozada*, 19 I. & N. Dec. at 639.  Petitioners concede that they did not satisfy the *Lozada* requirements, but argue that compliance is unnecessary because their former counsel's ineffectiveness is obvious on the face of the record.  *See Castillo-Perez v. INS*, 212 F.3d 518, 525-26 (9th Cir. 2000) (holding that failure to comply with the *Lozada* requirements is not fatal where the alleged ineffective assistance is plain on the face of the administrative record).

2

To demonstrate ineffective assistance of counsel, Petitioners must establish (1) that their counsel failed to perform with sufficient competence, and (2) that they were prejudiced by their counsel's performance. *See Mohammed*, 400 F.3d at 793. We conclude that Petitioners have failed to make this showing.

1.     Competence

In regard to the level of competence attorneys must demonstrate, this Court has stated: "we do not require that [petitioner's] representation be brilliant, but it cannot serve to make [the] immigration hearing so fundamentally unfair that [petitioner] was prevented from reasonably presenting his case." *Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004) (internal quotation marks omitted). Petitioners argue that their counsel performed incompetently at the September 18, 2003 cancellation of removal hearing by failing to introduce medical evidence of their U.S. citizen children's health issues. The record, however, indicates that both counsel and Petitioners attempted to obtain medical documentation from the children's doctors, though they were ultimately unsuccessful. Counsel also argued repeatedly for additional time to procure medical evidence and noted that a subpoena from the court might be necessary. Thus, we conclude that counsel's performance does not rise to the level of incompetence.

2.     Prejudice

3

A showing of prejudice can be made if counsel's performance "was so inadequate that it may have affected the outcome of the proceedings." *Iturribarria v. INS*, 321 F.3d 889, 899-900 (9th Cir. 2003) (internal quotation marks omitted). Petitioners argue that had counsel introduced medical evidence of their children's conditions, the immigration judge would have granted them cancellation of removal. The record, however, demonstrates that at the time of the hearing, neither child suffered from a serious medical ailment. Jose Hernandez Bocanegra testified at the hearing that a specialist had examined their oldest son just one day earlier and had stated that the child "was fine" and to come back if the boy developed additional problems with his testicles. He also noted that his youngest son had not been diagnosed with asthma at his most recent medical appointment. Because the testimony established that the children did not have any critical medical needs, we conclude that additional medical evidence would not have affected the outcome of the proceeding.

In sum, Petitioners have failed to demonstrate that their counsel's ineffectiveness is plain on the face of the record. Consequently, Petitioners were required to comply with *Matter of Lozada* and the BIA did not abuse its discretion by denying the "de facto" motion to reopen.

**PETITION FOR REVIEW DENIED.**